UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE CITY DIVISION
3:12-cv-383-FDW
(3:03-cr-16-FDW-2)

| | |
|---|---|
| KEVIN DESHAWN BARLOW, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255, (Doc. No. 1). For the reasons that follow, the Court finds that this is an unauthorized, successive petition, and the Court therefore dismisses the Motion to Vacate.

## I. BACKGROUND

On May 5, 2003, Petitioner pled guilty to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841 and 846, unlawful use and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1), and unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (3:03-cr-16, Doc. No. 85: Judgment; Doc. No. 53: Acceptance and Entry of Guilty Plea). Prior to the guilty plea, on January 29, 2003, the Government filed an Information pursuant to 21 U.S.C. § 851, contending that Petitioner was convicted in North Carolina state court on February 3, 1997, on two counts of Possession with Intent to Sell and Deliver Cocaine and was therefore subject to statutory

enhancement under 21 U.S.C. § 841(b)(1)(A). (Id., Doc. No. 10).

On March 8, 2004, Petitioner was sentenced to 322 months imprisonment. (Id., Doc. No. 85). Petitioner did not appeal. On February 23, 2006, Petitioner filed a Section 2255 motion, which was dismissed by the Court on September 5, 2006. (Id., Doc. Nos. 128; 131). On June 19, 2012, Petitioner filed the present Section 2255 motion contending that he is entitled to relief under an en banc decision in United v. Simmons, 649 F.3d 237 (4th Cir. 2011). Petitioner contends that the Fourth Circuit's holding in Simmons demonstrates that his prior state felony drug conviction did not qualify him for a Section 851 sentencing enhancement.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner filed the instant Motion to Vacate on June 19, 2012, seeking to have the Court vacate his conviction and sentence in Criminal Case No. 3:03-cr-16. As noted, Petitioner filed a previous Motion to Vacate the same conviction and sentence on February 23, 2006, and the Court dismissed the Motion to Vacate on September 5, 2006. See (3:03-cr-16, Doc. Nos. 128; 131). Thus, this is the second Section 2255 petition filed by Petitioner challenging the conviction and sentence in Criminal Case No. 3:03-cr-16.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application

permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this court will consider any second or successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. See also § 2255(h) ("[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals."). Accordingly, this successive petition must be dismissed.[1] See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place"). Accord Everette v. United States, 5:04-cv-358, 2012 WL 4486107 (E.D.N.C. Sept. 28, 2012) (dismissing a § 2255 as a successive petition where the petitioner raised a claim under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's Section 2255 Motion to Vacate for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit Court of Appeals to file the motion.

**IT IS, THEREFORE, ORDERED** that

---

[1] In any event, Petitioner would not be entitled to Simmons relief on the merits of his Section 2255 petition because, even assuming that his prior felony drug conviction no longer qualifies under Section 851, his sentence was within the authorized, statutory maximum sentence even without the enhancement. See United States v. Powell, 691 F.3d 554, 562 n.1 (4th Cir. 2012) (King, J., concurring in the result and dissenting from the majority).

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as a successive petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). Petitioner has failed to make the required showing.

Signed: October 15, 2012

Frank D. Whitney
United States District Judge